IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                Plaintiff,

    v.

TONY EVERS,

                Defendant.

OPINION AND ORDER

21-cv-788-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                Plaintiff,

    v.

JOE BIDEN,

                Defendant.

OPINION AND ORDER

21-cv-807-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

                Defendant.

OPINION AND ORDER

22-cv-107-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Pro se plaintiff Khaled Shabani has filed three proposed civil actions in which he alleges that numerous governmental entities and actors violated his civil rights in various ways. He has filed at least six previous cases in this court in which he made similar

1

allegations. He has also filed several similar lawsuits in Wisconsin state court. All of his previous cases were ultimately dismissed, and the Court of Appeals for the Seventh Circuit has found that many of plaintiff's lawsuits and appeals were frivolous. Shabani v. City of Madison, 828 F. App'x 330, 331 (7th Cir. 2020). Plaintiff is now restricted from litigating in the Seventh Circuit without prepaying the full filing fee for any lawsuit. Id.

Plaintiff has paid the filing fee for two of his new cases, 21-cv-788-bbc and 21-cv-807-bbc, but he has not yet paid the fee for his most recent complaint in case number 22-cv-107-bbc. However, this court has the authority to screen plaintiff's complaints regardless whether he has paid the filing fee. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). This court also has the authority to dismiss a plaintiff's complaints if they are frivolous, which means that the allegations are "baseless, irrational, fanciful, delusional, or wholly incredible," Felton v. City of Chicago, 827 F.3d 632, 635 (7th Cir. 2016), or that "it is apparent from reading the complaint . . . that the case is going nowhere." Carter v. Homeward Residential, Inc., 794 F.3d 806, 807 (7th Cir. 2015).

All three of plaintiff's proposed lawsuits are frivolous. His allegations are the same allegations that he made in his previously-dismissed lawsuits: police officers have engaged in harassment and intimidation of him and his family; police officers assaulted him and his minor child; government agents are watching him and have tampered with his phone and vehicle; and governmental entities have conspired to deprive him of his job, his house, his

marriage, and the custody of his child. As plaintiff admits, he has filed more than nine cases regarding those alleged incidents. Dkt. #1, 21-cv-807-bbc, at 3. In his three new cases, plaintiff blames Governor Tony Evers, United States President Joe Biden, and the Federal Bureau of Investigation for the alleged unlawful acts of various state and local entities and individuals. But his allegations against the governor, president and FBI are irrational and wholly incredible. In addition, his claims are barred by preclusionary principles. As I have explained to plaintiff previously, the doctrine of claim preclusion bars litigants from filing new lawsuits that raise claims based on the same incidents, events, transactions, or circumstances of previous lawsuits that have reached a final judgment. Shabani v. City of Madison, No. 19-CV-65-BBC, 2020 WL 1185285, at *4 (W.D. Wis. Mar. 12, 2020). Because all three of plaintiff's new cases raise claims that are either frivolous or that have been rejected already, they will be dismissed.

## ORDER

IT IS ORDERED that cases 21-cv-788, 21-cv-807, and 22-cv-107, are DISMISSED as frivolous. The court certifies that an in forma pauperis appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

Entered this 2nd day of March, 2022.

                                              BY THE COURT:

                                              /s/
                                              _____
                                              BARBARA B. CRABB
                                              District Judge